Green, J.
delivered the opinion of the court.
1. It is objected that the defendant was put upon his trial upon the presentment of the grand jury instead of an indictment. This practice has been so long followed in this State that it is now too late to question its legality, although it may nqt be sanctioned by established principles.
2. It is next insisted that the presentment is bad, because it charges the defendant with one act of drunkenness only; It is laid down in Blackstóne’s Commentaries that sobriety in public is a duty that every man owes to the community. It is therefore an offence to good morals for a man to be publicly drunk, and for this offence he may be indicted.
3. But it is further insisted that the offence is not sufficiently described in this presentment: and we think this objection is well taken. The facts constituting the offence must be set forth so that a defendant may understand the charge he is called upon to answer. 1 Chit. Cr. L. 231. This must be done with as much certainty as the nature of the case will admit. 1 Chit. Cr. L. 231. We think there is np such description of the offence in this case as would enable the plaintiff in error to defend himself by reason of this conviction, should he be called upon again to answer for the same thing. *399 For this cause the judgment must be arrested. The difficulty of so describing a single act of drunkenness as to the party upon his defence and satisfy him of the facts that are to be proved against him is such, that notwithstanding we hold a single act of public and notorious drunkenness to be indictable, we think it always safest to charge the of-fence as in The State vs. Tipton, 2 Yerg. 342. Reverse the judgment.